## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Geana E. Taylor

December 22, 1997

Case No. HI-1278-A

By Judge Randall G. Johnson

This is an appeal from the Juvenile and Domestic Relations District Court of the City of Richmond. At issue is whether an administrative child support order issued by the Division of Child Support Enforcement (DCSE) is res judicata on the issue of paternity. The court holds that it is not.

For purposes of the court's decision, the facts are not in dispute. Geana Taylor was born on June 25, 1995. Her mother is Alfacque Bostick. At Geana's birth, George E. Taylor, III, signed an "Acknowledgement of Paternity" stating that he was Geana's father. On September 18, 1996, DCSE entered an administrative order of support pursuant to Va. Code § 63.1-250.11 requiring Taylor to pay $65 a month in child support. The administrative order was not appealed. Taylor now denies that he is Geana's father and has filed the present petition asking the court to determine paternity.

In *Slagle v. Slagle*, 11 Va. App. 341, 398 S.E.2d 346 (1990), a final decree of divorce contained a finding that a child was born of the marriage and ordered the husband to pay child support. The decree was not appealed. Later, a blood test showed that the husband was not the child's father, and the husband sought to terminate child support. The Court of Appeals held that the husband was precluded from challenging paternity:

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the parties."

11 Va. App. at 344 (*quoting Montana v. United States*, 440 U.S. 147, 153 (1979)).

In *Dunbar v. Hogan*, 16 Va. App. 653, 432 S.E.2d 16 (1993), Scottie Dunbar voluntarily signed a "Declaration of Paternity" stating that he was the father of a child. Later, he denied paternity and a blood test showed that he could not be the child's father. The trial judge ruled that the Declaration of Paternity precluded Dunbar from denying paternity and ordered him to pay child support. The Court of Appeals reversed:

> Dunbar, unlike his counterpart in *Slagle* who wanted to use HLA test results disproving paternity to assail a prior adjudication that he was the father, has never had the issue of paternity "actually litigated" in a "court of competent jurisdiction." The first occasion that he has been called upon to litigate the issue of his paternity was when [the mother] filed the petition for child support . . . .
>
> An order of support or custody or visitation entered pursuant to Code § 20-49.8 which is based on the sworn Declaration of Paternity . . . would, based on the provisions of former Code § 20-49.1, be *res judicata* or would collaterally estop the parties from relitigating the fact and issue of paternity. However, where no judgment or order establishing parentage pursuant to Code § 20-49.8 has been entered based on the sworn Declaration of Paternity . . . there has been no judicial determination of the fact or issue of paternity and the putative father may contest that issue in the support proceedings.

16 Va. App. at 658-59. Va. Code § 20-49.8 is part of Chapter 3.1 of Title 20, which generally sets out the procedure for determining parentage in court.

The issue for determination now is whether DCSE's administrative support order is equivalent to a "judgment or order establishing parentage pursuant to Code § 20-49.8;" that is, whether DCSE's order is the same as a "judicial determination of the fact or issue of paternity." Under the law of Virginia as it existed when DCSE's order was entered in this case, it is not.

In *Alexander v. Commonwealth*, 137 Va. 477, 120 S.E.2d 296 (1923), which involved the assessment of taxes on land, the court said the following with respect to administrative decisions:

> The officers whose duty it is to fix the assessments, whether as original assessors, or as boards of equalization and review passing

upon the work of the assessors, act in a judicial or *quasi* judicial capacity, and their findings, when made in good faith and in the exercise of an actual jurisdiction, are like the judgment of courts, secure from collateral attack. Findings which for fraud or lack of jurisdiction are void may be collaterally attacked, but an assessment will not be rendered void, and thus exposed to collateral attack, by irregularities or errors honestly committed in the exercise of official discretion.

137 Va. at 486 (*quoting* 27 Am. & Eng. Encl. Law (2d ed.) 725).

Thus, administrative decisions, like court decisions, can have res judicata and collateral estoppel effect. As the above quote makes clear, however, only those decisions of administrative agencies made within the scope of their jurisdiction operate as res judicata or collateral estoppel; that is, the decision must be "made in good faith *and in the exercise of an actual jurisdiction.*" DCSE had no jurisdiction to make the finding offered as res judicata or collateral estoppel here.

Chapter 3.1 of Title 20 of the Code of Virginia, § 20-49.1 to § 20-49.9, is titled "Proceedings to Determine Parentage." Section 20-49.2 provides:

> *Commencement of action; parties; jurisdiction.* — Proceedings under this chapter may be instituted upon petition, verified by oath or affirmation, filed by a child, a parent, a person claiming parentage, a person standing in loco parentis to the child or having legal custody of the child or a representative of the Department of Social Services or the Department of Youth and Family Services.
>
> The child may be made a party to the action, and if he is a minor and is made a party, he shall be represented by a guardian ad litem appointed by the court in accordance with the procedures specified in § 16.1-266 or § 8.01-9. The child's mother or father may not represent the child as guardian or otherwise. The determination of the court under the provisions of this chapter shall not be binding on any person who is not a party.
>
> *The circuit courts and the juvenile and domestic relations district courts shall have concurrent original jurisdiction of cases arising under this chapter. The determination of parentage, when raised in any proceeding, shall be governed by this chapter.*

Emphasis added.

As can be seen, only circuit courts and juvenile and domestic relations district courts have jurisdiction over proceedings to determine parentage under the above statue. The statute does not confer jurisdiction on DCSE. While the Department of Social Services, of which DCSE is a part, has now been given jurisdiction to determine parentage under a different statute, Va. Code § 63.1-250.1:2, that section did not become law until July 1, 1997. It was not in effect in September 1996 when the present DCSE order was issued. At the time relevant to this action, DCSE had no power to determine parentage, and a determination that George Taylor was Geana Taylor's father was not an adjudication that could possibly have been made by DCSE "in the exercise of an actual jurisdiction" of that agency. Thus, DCSE's order cannot operate as res judicata or collateral estoppel.

Finally, the court is well aware that Va. Code § 63.1-258.3 provides that "[a]ll administrative orders issued by the Department of Social Services shall have the same force and effect as a court order." This is no different, however, than § 20-49.1(B)'s provision that a signed affidavit of paternity "shall have the same legal effect as a judgment entered pursuant to § 20-49.8." In *Dunbar*, the Court of Appeals said:

> The trial judge ruled that, by giving the Declaration of Paternity "the same legal effect as a judgment entered pursuant to Code § 20-49.8" as required by Code § 20-49.1(B), the issue of paternity has been decided as if by a judgment and Dunbar is forever estopped from denying or litigating the fact of paternity. The question of Dunbar's paternity has never been judicially decided. We hold that the provision in former Code § 20-49.1(B) that an affidavit of paternity shall have the same legal effect as a judgment "entered pursuant to Code § 20-49.8" means that for purposes of determining or enforcing support or custody, visitation, or guardianship, the statement or test results shall support adjudicating those issues without having to adjudicate paternity. The statement or a ninety-eight percent test result does not have the same legal effect as a judgment of paternity for all purposes, particularly for purposes of collaterally estopping a party from adjudicating the fact or issue of paternity that has never been judicially determined.

16 Va. App. at 657-58.

Since the issue of paternity in this case has never been adjudicated by a court or administrative agency of competent jurisdiction and since Taylor signed his acknowledgment of paternity before changes in the law that

might have precluded a present challenge to paternity, something the court does not decide, *Dunbar's* holding mandates that he be given an opportunity to challenge paternity now. His petition will be granted.